1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | BARRY HALAJIAN; MARVIN SCOTT; ADRIENNE SCOTT,

12 |                                         Plaintiffs,

13 |         vs.

14 | RANDALL D. NAIMAN; NAIMAN LAW GROUP, P.C.,

15 |

16 |                                         Defendants.

CASE NO. 11 CV 0628 MMA (MDD)

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS**

[Doc. No. 4]

17      On March 29, 2011, Plaintiffs Barry Halajian, Marvin Scott and Adrienne Scott

18 commenced this purported class action against Defendants Randall D. Naiman and Naiman Law

19 Group, P.C. [Doc. No. 1.] Two days later, Plaintiffs filed a First Amended Complaint ("FAC").

20 [Doc. No. 3.] The docket does not reflect that Plaintiffs served either Defendant. However, on

21 April 28, 2011, Defendants filed a motion to dismiss the FAC pursuant to, *inter alia*, Federal Rule

22 of Civil Procedure 12(b)(6) and California Code of Civil Procedure section 425.16. [Doc. No. 4.]

23 Defendants' motion was set for hearing on June 6, 2011. Plaintiffs did not file an opposition to the

24 motion, which would have been due on May 23, 2011. *See* Civ. L.R. 7.1(e)(2). On May 25, 2011,

25 Defendants filed a reply requesting that the Court grant their motion to dismiss as unopposed.

26 [Doc. No. 11.] On May 26, 2011, the Court in its discretion determined the matter suitable for a

27 decision on the papers and without oral argument, and took the matter under submission pursuant

28 to Civil Local Rule 7.1(d)(1).

1    The Court notes that since the time the FAC was filed the State Bar of California ordered

2    Plaintiffs' counsel of record, Michael T. Pines, involuntarily enrolled as an inactive member of the

3    State Bar.  [Doc. No. 8, Exh. A.]  The State Bar found Mr. Pines engaged in misconduct that "has

4    caused substantial harm to his clients and the public" and that he "has demonstrated a lack of

5    understanding or appreciation of his ethical duties and the consequences of his misconduct."  [*Id.*

6    at Exh. A, p.13, 15.]  The State Bar concluded that the "involuntary inactive enrollment of [Mr.

7    Pines] is merited for the benefit of the public, the courts, and the legal profession."  [*Id.* at Exh. A,

8    p.16.]  As of May 1, 2011, Mr. Pines was enrolled as an inactive member of the State Bar.  The

9    State Bar further ordered Mr. Pines to notify his clients of his involuntary inactive enrollment by

10   May 31, 2011, as well as opposing counsel in all pending matters, and to file a copy of the

11   notice(s) with the Court.  [*Id.*]  As of June 2, 2011, Mr. Pines has not filed copies of any such

12   notices with the Court.  In addition, this Court terminated Mr. Pines as Plaintiffs' attorney of

13   record on May 27, 2011, pursuant to Civil Local Rule 83.3(d).

14   Due in large part, if not entirely, to Mr. Pines' deficient representation of his clients,

15   Plaintiffs have failed to oppose Defendants' motion to dismiss their FAC.  The Ninth Circuit has

16   held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule

17   where the local rule permits, but does not require, the granting of a motion for failure to respond.

18   *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Local Civil Rule 7.1(f)(3)(c)

19   provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule

20   7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the

21   court."  As such, the Court has the option of granting Defendants' motion on the basis of

22   Plaintiffs' failure to respond, and it chooses to do so.

23   Generally, public policy favors disposition of cases on their merits.  *See, e.g., Hernandez v.

24   City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  However, a case cannot move forward

25   toward resolution on the merits when the plaintiffs fail to defend their case against a motion to

26   dismiss.  Thus, this policy lends little support to a party whose responsibility it is to move a case

27   toward disposition on the merits but whose conduct impedes or completely prevents progress in

28   that direction.  *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994).  In addition, management of

this Court's docket is of vital significance to the proper and timely resolution of matters before it. Consequently, the Court finds dismissal pursuant to Civil Local Rule 7.1(f)(3)(c) serves to facilitate the management of its docket in light of the fact that the FAC is largely incomprehensible and fails to allege any specific, legally cognizable misconduct by the named Defendants.

Defendants seek dismissal of the FAC without leave to amend.  However, in light of Plaintiffs' counsel's deficient representation, final dismissal at this time is premature. Accordingly, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' FAC.

**IT IS FURTHER ORDERED that within thirty (30) days from the date of this Order, if Plaintiffs wish to continue litigating this case they must either: (a) file a notice of substitution of counsel naming a new attorney who will represent them; or (b) file a notice of their intent to represent themselves and to proceed *pro se*.[1]  If Plaintiffs substitute new counsel or notify the Court of their intent to proceed *pro se*, the Court will set a deadline for Plaintiffs to file a second amended complaint, or in the alternative, a notice of voluntary dismissal of this case in its entirety.  If Plaintiffs fail to do either of these things within the time permitted, this action will be dismissed with prejudice.**

The Clerk of Court is instructed to send a copy of this order to Plaintiffs' former counsel at the address provided on the docket, and also to Plaintiffs personally at the following address noted in Defendants' proof of service for their reply brief: 4917 East Sooner Drive, Fresno, California 93727.  [Doc. No. 13.]

**IT IS SO ORDERED.**

DATED:  June 2, 2011

Hon. Michael M. Anello
United States District Judge

---

[1] Plaintiffs are advised if they intend to represent themselves and proceed *pro se*, as non-attorneys, they may appear *pro se* individually on their own behalf, but they have no authority to appear as an attorney for anyone other than themselves.  *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also* Fed. R. Civ. Proc.11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's original name, or if the party is not represented by an attorney, shall be signed by the party.").  Thus, Plaintiffs cannot bring their claims as a class action if they proceed *pro se*.